UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DANNY FIGUEROA On Behalf of Himself
and All Others Similarly Situated,                    Case No.:

                          Plaintiffs,                  **COLLECTIVE AND CLASS**
                                                        **ACTION COMPLAINT**
      -vs.-                                                **WITH JURY DEMAND**

THE YERBA MATE CO., LLC,

                        Defendants.
------------------------------------------------------------------------X

      Plaintiff DANNY FIGUEROA ("Plaintiff" or "Mr. Figueroa") on behalf of himself and all others similarly situated (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs"), by and through his attorneys, THE LAW OFFICES OF WILLIAM CAFARO, as and for their Complaint against THE YERBA MATE CO., LLC ("Defendant" or "Yerba Mate Co") alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

      1.     This is a civil action for damages and equitable relief based upon Defendants' flagrant and willful violations of Plaintiffs' rights guaranteed to them by: (i) the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 207(a); (ii) the overtime provisions of New York Labor Law § 160 and the corresponding N.Y. Comp. Codes R. & Regs ("NYCCRR"); (iii) the frequency of payment for manual workers provisions of New York Labor Law § 190, et seq.; (iv) the requirement that employers furnish employees with accurate wage statements on each payday containing specific categories of information under the NYLL § 195(3); and (v) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendant, a company that brews and distributes yerba mate across the United States, as a driver.

3. Throughout Plaintiff's tenure, Defendants failed to pay its employees for all overtime hours worked and shaved *at least* one hour per day from employees' pay.

4. Further, throughout the statutory period Defendant failed to pay Mr. Figueroa and similarly situated employees on a weekly basis as required under the NYLL.

5. Also, Defendant failed to furnish Mr. Figueroa and similarly situated employees with accurate wage statements on each payday as the NYLL requires.

6. Defendant paid and treated all their Drivers in a similar manner.

7. Plaintiff brings this lawsuit against Defendant pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' willful violations of the FLSA.

8. Plaintiff brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of himself, individually, and on behalf of all other persons similarly situated during the applicable NYLL limitations period who suffered damages as a result of the Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

**JURISDICTION AND VENUE**

9. Jurisdiction is based upon 28 U.S.C. §§ 1331 1343, insofar as it involves statutes of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*

10. Plaintiff alternatively alleges jurisdiction is based upon 28 U.S.C. § 1332, insofar as it involves Defendants who are citizen of California and Delaware and a Plaintiff who is a citizen of Connecticut for the purposes of diversity jurisdiction.

11. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

12. Plaintiffs further invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367, which confers supplemental jurisdiction on this Court for claims arising under New York law.

13. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as all actions comprising the claims for relief occurred within this judicial district.

**PARTIES**

14. At all relevant times herein relevant, Plaintiff Figueroa is a resident of the State of Connecticut and resides in Fairfield County.

15. At all times herein relevant, Plaintiff Figueroa was an "employee" within the meaning of NYLL § 190(2) and a "manual worker" within the meaning of NYLL § 190(4).

16. At all times herein relevant, Plaintiff Figueroa was an "employee" entitled to protection as defined by the FLSA, and the NYLL.

17. Upon information and belief, at all relevant times herein, Yerba Mate Co was and is a foreign limited liability company created under the laws of Delaware.

18. Upon information and belief, at all relevant times herein, Yerba Mate Co has its principal place of business located at 215 Rose Avenue, Venice California 90291.

19. Upon information and belief, all Yerba Mate Co's members are citizens of the State of California.

20. Upon information and belief, none of Yerba Mate Co's members are citizens of the State of Connecticut.

21. At all relevant times herein, Defendant Yerba Mate Co was an "employer" of the Plaintiffs within the meaning of the FLSA, and the NYLL.

22. Upon information and belief, for the calendar year 2021 Yerba Mate Co's gross receipts were not less than $500,000.00.

23. Upon information and belief, for the calendar year 2022 Yerba Mate Co's gross receipts were not less than $500,000.00.

24. Upon information and belief, for the calendar year 2023 Yerba Mate Co's gross receipts were not less than $500,000.00.

25. Upon information and belief, for the calendar year 2024 Yerba Mate Co's gross receipts will not be less than $500,000.00.

26. Defendants were engaged in interstate commerce within the meaning of the FLSA as it used supplies in the course of business which originated in states other than New York, the combination of which subject Defendants to the FLSA's overtime requirements as an enterprise. These supplies include, but are not limited to, trucks, boxes, hand trucks, tape, and bottles.

27. Furthermore, the Defendants' employees, including Plaintiff, the FLSA Plaintiffs, and the Rule 23 Plaintiffs, were individually engaged in interstate commerce as they frequently used goods that have been, and continue to be, moved in interstate commerce. This independently subjects Defendants to the overtime wage requirements of the FLSA with respect to Plaintiffs and the FLSA Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

28. Plaintiff seeks to bring this suit to recover from Defendants their full payment of all unpaid overtime compensation and liquidated damages under the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former employees of Defendants who, during the applicable FLSA limitations period, performed work for Defendant as non-exempt drivers, loaders, warehouse workers, or similarly situated employees, regardless of job title in the State of New York who give consent to file a claim to recover damages for overtime compensation that is legally due to them for time worked in excess of forty hours per week ("FLSA Plaintiffs").

29. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours each workweek; and (5) were not paid the required rate of one and one-half times their respective regular rates of pay for all hours worked over forty in a workweek.

30. At all relevant times, Defendants were aware of the requirement to pay Plaintiff and all FLSA Plaintiffs at an amount equal to one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet Defendants purposefully chose not to do so. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

31. In addition, Plaintiff seeks to maintain this action as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23(b)(3), on his own behalf, individually, as well on behalf of those who are similarly-situated who the Defendant subjected to violations of the NYLL and the NYCCRR during the applicable statutory period.

32. Under FRCP 23(b)(3), a plaintiff must plead that:

   a. The class is so numerous that joinder is impracticable;

   b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

   c. Claims or defenses of the representative are typical of the class;

   d. The representative will fairly and adequately protect the class; and,

   e. A class action is superior to other methods of adjudication.

33. The Rule 23 Class that Plaintiffs seek to define includes:

Current and former employees of Defendants who, during the applicable NYLL limitations period, performed work for Defendant as non-exempt drivers, loaders, warehouse workers, or similarly situated employees, regardless of job title in the State of New York ("Rule 23 Plaintiffs").

### Numerosity

34. During the previous six years, Defendants have employed, in total, at least fifty employees that are putative members of this class.

**Common Questions of Law and/or Fact**

35. There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff, including but not limited to the following: the duties that the Defendants required and require each Rule 23 Plaintiff to perform; whether Defendants paid the Rule 23 Plaintiffs for all hours they worked; whether the Defendants required and require each Rule 23 Plaintiff to work in excess of forty hours per week; whether the Defendants compensated and compensate the Rule 23 Plaintiffs at the legally-mandated rate of one and one half times their respective straight-time rates of pay for all hours worked per week over forty; whether Defendants paid the Rule 23 Plaintiffs on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned; whether the Defendants furnished and furnish the Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by N.Y. Lab. Law § 195(3); whether the Defendants kept and maintained records with respect to each hour that the Rule 23 Plaintiffs worked; whether the Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; whether the Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; whether the Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and supporting regulations; if so, whether the Defendants' violations were in willful violation of the NYLL and supporting regulations; and if so, what constitutes the proper measure of damages

**Typicality of Claims and/or Defenses**

36. As described in the background facts section below, Defendants employed Plaintiff as a non-managerial, non-exempt employee. Plaintiff's claims are typical of the claims of the Rule

23 Plaintiffs whom he seeks to represent, as the Rule 23 Plaintiffs work, and/or have worked for Defendant in excess of forty hours per week, as non-managerial employees, and Defendant failed to pay Plaintiff overtime. Plaintiff and the Rule 23 Plaintiffs are also "manual workers" who Defendant failed to pay on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned.  Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to be paid at a rate of one and one-half times their straight time rates for all hours worked per week in excess of forty, to be paid on a weekly basis, and to be furnished with accurate wage statements. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and supporting regulations.  Plaintiff and the Rule 23 Plaintiffs have all suffered injury, including lack of compensation or under-compensation, due to Defendant's common policies, practices, and patterns of conduct.  Thus, Plaintiff's claims and/ or the Defendant's defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendants' defenses to those claims.

**Adequacy**

37. Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout his employment with Defendants. The Defendants did not pay Plaintiff overtime pay for hours worked over forty each week and paid Plaintiff every two weeks, which is substantially-similar to how the Defendants paid the Rule 23 Plaintiffs. Plaintiff fully anticipates testifying under oath as to all of the matters raised in this Complaint and that will be raised in the Defendants' Answer. Thus, Plaintiff would properly and adequately represent the current and former employees whom the Defendants have subjected to the treatment alleged herein.

**Superiority**

38. Plaintiff has no, or few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

39. Any lawsuit brought by an employee of the Defendants for the same violations alleged herein would be identical to a suit brought by any other employee for the same violations. Thus, separate litigation would risk inconsistent results.

40. Accordingly, this means of protecting the Rule 23 Plaintiffs' rights is superior to any other method, and this matter is properly maintainable as a Class Action under FRCP 23(b)(3).

41. Additionally, Plaintiff's counsel has substantial experience in this field of law.

**BACKGROUND FACTS**

42. From six years prior to the commencement of this action Defendants employed non-exempt drivers, loaders, warehouse workers, and/or similarly situated employees in the state of New York.

43. Upon information and belief, non-exempt employees are not required to have any formal education.

44. Mr. Figueroa worked for Defendants from on or about April 21, 2002 until March 12, 2024.

45. Throughout his employment, Mr. Figueroa worked as a non-exempt Driver. In that role, Mr. Figueroa, like all non-exempt Drivers, loaded a van with Defendant's product and delivered the product to Defendant's customers.

46. Upon information and belief, Defendant did not require Plaintiff, the FLSA Plaintiffs or Rule 23 Plaintiffs to travel interstate.

47. Further, Defendant required Plaintiff and all other Drivers to make deliveries in a van that weighed less than 10,000 pounds.

48. As employees of the Defendant, employees, including Mr. Figueroa were primarily responsible for performing manual tasks and physician labor. This includes, but is not limited to, packing boxes, loading boxes into vans, delivering boxes of product to Defendants' customers, and unpacking product in Defendant's customer's stores.

49. Throughout the statutory time period, Plaintiff and other non-exempt employees regularly performed manual tasks during the majority of their hours worked.

50. Therefore, Plaintiff and other non-exempt employees spent more than twenty-five percent of their hours worked performing manual tasks.

51. Throughout the statutory period to the present, Defendants paid Plaintiff and other non-exempt employees every two weeks.

52. As a result of the previous paragraph, Defendants withheld wages due and owing to the Plaintiff and Class Members on a biweekly basis.

53. Due to the Defendants withholding the wages due and owing to the Plaintiff and Class Members, Defendants deprived the Plaintiff and Class Members of use of those funds. Upon information and belief, this includes, but is not limited to, using the funds to buy groceries, pay rent, and/or make mortgage payments. Furthermore, as a result of the Defendants depriving Plaintiff and Class Members of these wages, Plaintiff and Class Members were deprived of interest income which would have accrued in their various bank accounts.

54. Thus, throughout the statutory period Defendants failed to timely pay Plaintiff and other non-exempt employees their wages earned on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned, in violation of the NYLL.

55. Defendants both treated and paid Mr. Figueroa and the Class Members in a similar manner.

56. Plaintiff and Class members were required to use the Defendants tools in order to accomplish their job duties.

57. Throughout his employment with the Defendant, Defendant required Plaintiff to work – and he did in fact work – Monday through Friday from 6:00AM until 5:00PM.

58. Throughout his employment with the Defendants, Mr. Figueroa was paid $26.82 per hour.

59. To the extent that Defendant paid overtime, they paid Mr. Figueroa 40.23.

60. Throughout the statutory period, Defendants failed to compensate Mr. Figueroa at one- and one-half times his applicable regular rate of pay for all hours worked over 40 per week.

61. Throughout the statutory period, Defendant paid Mr. Figueroa every two weeks without providing him with accurate wage statements that reflected the correct number of hours that he worked.

62. Throughout their employment, Defendants paid Plaintiff and Class members, without providing them with statements that properly reflected the amount of hours that they actually worked, their regular rates of pay mir the overtime rate for each hour he worked in excess of forty hours in a given workweek.

63. Upon information and belief, Defendants' failure to provide accurate wage statements has prevented Plaintiff and Class members from realizing they were being underpaid and from taking appropriate action to obtain the payments due to them.

64. Defendants acted in the manner described herein so as to maximize their profits while minimizing their labor costs.

65. Every hour that Plaintiff worked was for Defendant's benefit.

66. Defendant treated Rule 23 Plaintiffs in the manner described above.

67. Moreover, Defendants improperly retaliated against the Named Plaintiff for complaining of the Defendant's failure to make proper wage payments.

68. Due to the above conduct, Plaintiff routinely complained to the Defendant about its failure to properly pay wages.

69. Less than 30 days after his last complaint, Defendant accused Mr. Figueroa of assaulting a coworker during work at Defendant's warehouse. Mr. Figueroa vigorously denied the assault and asked Defenant to conduct a proper investigation and to review the surveillance video of the time and place of the alleged assault. Upon information and belief, Defendant refused to review the surveillance video and instead terminated Plaintiff.

70. Upon information and belief, Defendant did not follow their own internal policy when they failed to investigate Mr. Figueroa's defense.

71. Defendant's actions are clearly intended to retaliate against Mr. Figueroa for complaining about Defendant's failure to pay proper wages to their employees.

72. To date, Defendants have not paid Mr. Dias his duly earned wages.

### *FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS*
*Unpaid Overtime under the FLSA*

73. Plaintiff and the FLSA Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

74. Defendant was required to directly pay the Plaintiff and the FLSA Plaintiffs an overtime premium of one and one-half times their regular rate of pay for all hours worked over forty (40) in a given workweek.

75. As described above, Defendant is an employer within the meaning of the FLSA, while Plaintiff and the FLSA Plaintiffs are employees within the meaning of the FLSA.

76. As also described above, Plaintiff and the FLSA Plaintiffs worked in excess of forty (40) hours per week, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

77. The Defendant willfully violated the FLSA.

78. As such, Plaintiff and the FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty (40) at the rate of one and one-half times their respective standard rate of pay.

79. Plaintiff and the FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for the Defendants' violation of the FLSA's overtime provisions.

80. All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

### *SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS*
*Unpaid Overtime under the NYLL*

81. Plaintiff and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

82. Defendant was required to directly pay the Plaintiff and Rule 23 Plaintiffs an overtime premium of one and one-half times their regular rate of pay for all hours worked over forty (40) in a given workweek.

83. As described above, Defendant is an employer within the meaning of the NYLL, while Plaintiff and Rule 23 Plaintiffs are employees within the meaning of the NYLL.

84. As also described above, Plaintiff and Rule 23 Plaintiffs worked in excess of forty (40) hours per week, yet Defendant failed to compensate them in accordance with the NYLL's overtime provisions.

85. Due to Defendant's violations of the New York Labor Law, Plaintiffs and Rule 23 Plaintiffs are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### *THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS*
*Failure to Timely Pay Wages*

86. Plaintiff and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

87. From six years prior to the commencement of this action until the present, Plaintiff and the Rule 23 Class were employed as manual workers or workingmen, as defined by the NYLL.

88. NYLL § 191 requires that employers pay wages to their employees on a weekly basis and "not later than seven calendar days after the end of the week in which the wages were earned."

89. From six years prior to the commencement of this action until the present, Defendants failed to pay Plaintiff and the Rule 23 Plaintiffs their wages earned on a weekly basis

and not later than seven calendar days after the end of the week in which the wages were earned, in violation NYLL § 191.

90. Defendants' violations of the NYLL have been willful and intentional.

91. Due to Defendants' violations of the NYLL, Plaintiff and Rule 23 Plaintiffs are entitled to statutory damages equal to the total amount of the delayed wages, attorneys' fees and costs of this action.

### *FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS*
*Nonpayment of Straight Time Wages*

92. Plaintiff and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

93. Named Plaintiff and the Rule 23 Class routinely worked over 40 hours in a given work week.

94. Defendant has willfully failed to pay all straight time wages due and owing to the Plaintiff and the Rule 23 Class.

95. Due to Defendant's violations of the New York Labor law, Plaintiff and Rule 23 Plaintiffs are entitled to recover from Defendant their unpaid straight times wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### *FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS*
*Failure to Furnish Wage Statements in Violation of the NYLL*

96. Plaintiff and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

97. NYLL § 195(3) requires employers to furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to employees.

98. As described above, the Defendants willfully failed to furnish Plaintiffs and Rule 23 Plaintiffs with accurate wage statements containing the criteria required under the NYLL.

99. Pursuant to NYLL § 198(1-d), Defendants are liable to the Plaintiffs and Rule 23 Plaintiffs in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

### *SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS*
*Retaliation in Violation of the NYLL*

100. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

101. Section 215 of the NYLL prohibits employers from retaliating against an employee because an employee has made a complaint relating to improper payment of wages under the NYLL and/or for engaging in protected activity under the NYLL.

102. As described above, Defendants are employers within the meaning of the NYLL while Plaintiff is an employee within the meaning of the NYLL.

103. As also described above, Defendants retaliated against Plaintiff for engaging in protected activity under the NYLL.

104. Due to Defendants' violation of the NYLL's anti-retaliation provisions, Plaintiff is entitled to compensatory damages, back pay, front pay, employee benefits Plaintiff would have otherwise received, damages for emotional pain, suffering, humiliation and embarrassment, punitive damages, liquidated damages, attorneys' fees, costs and interest as permitted by law.

105. At or before the filing of this Complaint, Plaintiff has served notice of the action upon the Office of the New York State Attorney General.

## DEMAND FOR A JURY TRIAL

106. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against the Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their agents, employees, representatives, and any and all persons acting in concert with him, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against any individual for participating in any form in this lawsuit;

d. Designation of this action as a FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

     e.     Certification of the claims brought in this case under the NYLL as a class action pursuant to FRCP 23;

     f.     All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiffs would have received but for the Defendants' unlawful payment practices;

     g.     Declaring Defendants' violations of the FLSA and NYLL were willful;

     h.     Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

     i.     Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their costs and disbursements incurred regarding this action, including reasonable attorneys' fees, expert witness fees, and other costs;

     j.     Designation of Plaintiff and their counsel as collective/class action representatives under the FLSA and the FRCP;

     k.     All damages recoverable due to Defendants' unlawful retaliatory conduct, including but not limited to any compensatory damages for back pay, front pay, employee benefits Plaintiff and any opt-in Plaintiff would have otherwise received, damages for emotional pain, suffering, humiliation and embarrassment, punitive damages, and liquidated damages;

     l.     Awarding punitive damages;

     m.     Pre-judgment and post-judgment interest, as provided by law;

     n.     Awarding such other and further relief as available under the statues; and

     o.     Granting Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: New York, New York
June 3, 2024

        Respectfully submitted,
        LAW OFFICES OF WILLIAM CAFARO

        _____
        By: Amit Kumar, Esq. (AK 0822)
        *Attorneys for the Named Plaintiff as Well as the Putative Class and Collective*
        108 West 39th Street, Suite 602
        New York, New York 10018
        (212) 583-7400
        AKumar@CafaroEsq.com