William Cafaro, Esq.
*Partner*
ADMITTED IN NY, CA, MD & TX
Email: bcafaro@cafaroesq.com

Amit Kumar, Esq.
*Managing Attorney*
ADMITTED IN NY & NJ
Email: akumar@cafaroesq.com

Andrew S. Buzin, Esq.
*Of Counsel*
ADMITTED IN NY, FL & DC

**LAW OFFICES OF WILLIAM CAFARO**

108 West 39th Street, Suite 602
New York, New York 10018
Telephone: 212.583.7400
Facsimile: 212.583.7401
www.cafaroesq.com

Louis M. Leon, Esq.
*Associate*
ADMITTED IN NY
Email: lleon@cafaroesq.com

Matthew S. Blum, Esq.
*Of Counsel*
ADMITTED IN NY
Email: mblum@cafaroesq.com

July 10, 2025

*Via* **ECF**
Hon. Rachel P. Kovner, U.S.D.J
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    Figueroa v. The Yerba Mate Co., LLC
              Case No.: 24-cv-4003-RPK-LKE

Your Honor:

      We represent Plaintiff in the above-referenced case brought pursuant to, *inter alia*, Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") against Defendant The Yerba Mate Company ("Defendant"). We submit this letter, on behalf of all Parties, consistent with *Cheeks v. Freeport Pancake House*, Inc., 796 F.3d 199 (2d Cir. 2015), to respectfully request the Court approve the terms of the Parties' settlement agreement,[1] a copy of which is attached hereto as **Exhibit 1.** As explained further below, the Parties respectfully aver that the proposed settlement agreement is fair, and reasonable.

### I. Background and Claims

      On June 4, 2024, Plaintiff filed a lawsuit against Defendant alleging FLSA violations. According to the Plaintiff he worked for Defendant as a non-exempt Driver. In that role, Mr. Figueroa, loaded a van with Defendant's product and delivered the product to Defendant's customers. Among other things, the Plaintiff contends that during his employment with Defendant, he was not paid overtime compensation for approximately 5 hours each week. According to the complaint, the Plaintiff had a regular rate of pay of $26.82 per hour and an overtime rate of $40.23. He further alleged that he worked for the Defendant from March 21, 2022 until on or about March 12, 2024.

---

[1] The Parties have executed a separate settlement agreement to resolve Plaintiff's retaliation claims asserted in the operative Complaint. Courts in this Circuit have found bifurcated settlement arrangements, whereby parties submit their FLSA settlement agreement (the "FLSA Settlement") for court approval (which are the only claims that are subject to Court approval) and settle non-FLSA claims by private agreement (the "Non-FLSA Settlement"), acceptable. *See, e.g., Abrar v. 7-Eleven*, 2016 WL 1465360 (E.D.N.Y. Apr. 14, 2016); *Rodriguez v. Gemco Realty II, LLC*, 2017 U.S. Dist. LEXIS 193664 (S.D.N.Y. Nov. 21, 2017); *Santos v. Yellowstone Prop., Inc.*, 2016 WL 2757427 (S.D.N.Y. May 10, 2016). The unsubmitted, Non-FLSA Settlement does not relate to Plaintiff's FLSA claims.

Based on these allegations, Plaintiff estimated he is owed $20,718.45 in unpaid overtime and $20,718.45 in liquidated damages. But of course, liquidated damages are never guaranteed in a wage and hour case. Defendant vehemently denies all of Plaintiff's allegations, and does not admit to any wrongdoing or violation of the law for any period of time. Defendant states that, at all times relevant to this lawsuit, it paid Plaintiff correctly under the law and kept contemporaneous employment records which squarely dispute Plaintiff's recollection of hours worked and payment received. Furthermore, Defendant claims that Plaintiff's alleged work hours are greatly exaggerated.

As stated above, there is a bona fide dispute between the Parties regarding Plaintiff's FLSA claims. The instant settlement constitutes the Parties' good-faith effort to resolve this bona fide dispute in an amicable fashion through arm's-length bargaining between experienced counsel.

## II. The Settlement Reached Between the Parties

After extensive arms-length negotiations, the Parties were able to arrive at a fair settlement of $21,000.00, which the Parties believe is fair and reasonable under the circumstances. Although there was delay in finalizing the settlement agreement, the Parties engaged in good faith discussions and a fair agreement was ultimately executed. With respect to the release language in the Agreement, Plaintiff has executed a release of claims related to his compensation by Defendant, and the Agreement contains no confidentiality provision. *See, Barbecho v. M.A. Angeliades, Inc.*, 2017 U.S. Dist. LEXIS 48595, at *6 (S.D.N.Y. Mar. 30, 2017) (rejecting FLSA settlement containing a "general release that r[an] only in favor of defendants"); *Thallapaka v. Sheridan Hotel Assocs. LLC*, No. 15cv1321, 2015 U.S. Dist. LEXIS 117179, at *2-3 (S.D.N.Y. Aug. 17, 2015) ("[T]he overwhelming majority of courts reject the proposition that FLSA settlements can be confidential.").

Plaintiff's counsel strongly believes that the $21,000.00 settlement is an optimal result within the circumstances. Defendant firmly believes it would succeed on the merits of the case using witnesses and other relevant evidence. While Plaintiff (and the undersigned) believe Plaintiff would have been able to prevail at a higher figure - after unnecessarily running up a higher lodestar - this would have entailed significant risk and would have been irresponsible. As this is our client's case, his desire to settle this action should govern. Plaintiff undoubtedly desired to resolve this matter, as did Defendant. Furthermore, each party is represented by experienced counsel with Plaintiff's counsel's practice focusing almost entirely on employment law.

## III. The Court Should Find the Proposed Settlement Fair and Reasonable

A FLSA settlement should receive judicial approval where it is "fair and reasonable." *See Wolinsky v. Scholastic, Inc*. 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Generally, there is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Crabtree v. Volkert, Inc*., No. 11–0529–WS–B, 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013). Moreover, "[c]ourts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes." *In re Penthouse Executive Club Compensation Litig*., No. 10-cv-1145, 2014 U.S. Dist. LEXIS 5864, at *22 (S.D.N.Y. Jan. 14, 2014) (noting that the inherent adversarial nature of a litigated FLSA case is an adequate indicator of fairness of settlement). In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought

about by an employer's overreaching.'" *Le v. SITA Info. Networking Computing USA, Inc.*, No. 07-CV-86, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008) (*quoting Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of the circumstances, including the following factors: (1) the Plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion. *Wolinsky*, *supra* at 335.

*Plaintiff's Range of Possible Recovery*

If settlement has any purpose at all, it is to avoid an arbitration on the merits because of the uncertainty of the potential outcome. *Morris v. Affinity Health Plan*, 859 F.Supp.2d 611, 620 (S.D.N.Y. 2012). In weighing the risks of establishing liability and damages, the Court "must only weigh the likelihood of success by the Plaintiff … against the relief offered by the Settlement." *Sewell v. Bovis Lend Lease, Inc.*, No. 09 Civ. 6548, 2012 WL 1320124, at *8 (S.D.N.Y. Apr. 16, 2012). Here, while Plaintiff alleges entitlement to damages, Defendant avers that he was properly paid at all times and therefore is not entitled to any damages whatsoever under applicable law.

The settlement represents approximately 51% of Plaintiff's alleged *full* damages in this case, *inclusive of liquidated damages*. In light of the totality of the circumstances, the settlement represents a reasonable compromise of disputed claims in this matter. The settlement eliminates risks and ensures the Plaintiff will receive a meaningful amount of wages due even after paying the legal fee.

*Risk Faced by the Parties*

Both Parties in this matter face substantial risks in proceeding with this arbitration. Defendant is confident that it could prevail at arbitration on its defenses, including by relying on its timekeeping records, in which case, Plaintiff could receive no recovery at all. Further, Plaintiff faces the prospect of waiting for the matter to proceed through remaining discovery, motion practice and, eventually, an arbitration hearing, which could take months or years, and testifying could be emotionally difficult for Plaintiff. A resolution of this matter now allows Plaintiff to receive a financial recovery shortly after the Court's approval of the settlement.

Defendant is also mindful that protracted arbitration would require significant financial defense costs and, if Plaintiff prevails at arbitration (even in the slightest amount), Defendant could face significant liability for Plaintiff's attorneys' fees and costs. Thus, the costs of litigation clearly weigh in favor of early resolution for all Parties. Accordingly, all Parties face substantial risks in proceeding forward with the litigation.

*Whether the Settlement Agreement is the Product of Arm's-Length Bargaining*

A "presumption of fairness, adequacy and reasonableness may attach to a settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir. 2005) (internal quotations omitted). The Parties engaged in pre-negotiation discovery and participated in arm's length settlement discussions in order to arrive at this settlement. Because the settlement involves a clear and *bona fide* wage dispute in contested arbitration, which was resolved through an arm's-length settlement process, it should be granted judicial approval.

*Possibility of Fraud or Collusion*

There is no possibility this settlement was precipitated by reason of "overreaching" by the employer. To the contrary, the settlement was the result of arm's-length negotiations and after heavily discussing/disputing the merits of the case. The Parties are represented by counsel experienced in wage and hour law who duly counseled their respective clients on the benefits and risks of continued arbitration. Moreover, because the Plaintiff left the Defendant's employ prior to the commencement of the action, there has not been, nor could there have been, any undue influence exercised upon Plaintiff in the workplace which could have precipitated this settlement.

"Absent fraud or collusion, [courts] should be hesitant to substitute [their] judgment for that of the parties who negotiated the settlement." *In re EVCI Career Colls. Holding Corp. Sec. Litig.*, 05 CIV 10240, 2007 WL 2230177, at *4 (S.D.N.Y July 27, 2007). Here, the settlement was reached after the Parties were able to fully evaluate the strengths and weaknesses of the claims and defenses presented in the case. At all times, negotiations took place between experienced counsel and were at arm's-length. Thus, there was no fraud or collusion between counsel and as such, the Settlement Agreement should be approved.

### IV. Plaintiff's Counsel is Entitled to a Reasonable Fee of One-Third of the Settlement Amount

Counsel is entitled to reasonable attorneys' fees to compensate for work in recovering this extremely favorable result. Under the retainer agreement, Plaintiff's counsel would be entitled to a one-third fee on the gross recovery of $21,000.00, which equates to $7,000.00.

Plaintiff's counsel is entitled to reasonable attorneys' fees to compensate for work in recovering alleged withheld compensation in this action. I have personally expended **44.7 hours** in the prosecution of this case. *See,* **Exhibit 2**, Attorney Kumar's time records. "To determine the quality of representation, courts review, among other things, the recovery obtained and the backgrounds of the lawyers involved in the lawsuit." *Taft v. Ackermans*, No. 02 Civ. 7951, 2007 U.S. Dist. LEXIS 9144, at *31 (S.D.N.Y Jan. 31, 2007) (citing *In re Global Crossing and ERISA Litig.*, 225 F.R.D. 436 (S.D.N.Y. 2004)).

I have been an associate with the Law Offices of William Cafaro since 2013 and the Managing Attorney of the firm since 2017. I earned my B.B.A. with dual concentrations in Finance and Computer Information Systems, *cum laude,* from George Washington University in 2005 and a J.D from Hofstra University School of Law in 2012. While in law school, I worked as a law clerk

for several employment law firms, including Schwartz & Perry, LLP[2] and Outten & Golden LLP. Also, while in law school, I was a judicial intern for United States Magistrate Judge Ronald L. Ellis (ret.) of the Southern District of New York. I was admitted to practice in the state courts of New York and New Jersey in 2013 and later that same year I was admitted to practice before the Southern and Eastern Districts of New York. I was further admitted to the Federal District Court of New Jersey in 2019 and the Northern District of New York in 2023. Since joining the firm, I have been responsible for actively handling and maintaining a case load which at any given time are in pre-litigation stages, arbitration, administrative agencies and in litigation in state and federal courts from their inception through trial or resolution. Further, while working at the firm, I have conducted numerous trials (both bench and before a jury) and arbitrations on behalf of employees in employment law disputes, including wage and hour matters. Moreover, I have been selected as a "Rising Star" by Super Lawyers in the "Employment Litigation" category for the years 2017-2023, inclusive and rated a Super Lawyer in 2024. I was also an officer of the South Asian Bar Association of New York in the years 2018 and 2019 and I am currently a member of the National Employment Lawyers Association – New York Chapter. Moreover, in addition to representing plaintiffs who are current or former employees retained on a contingency fee basis, this Firm also represents some clients who pay hourly rates to the firm in employment litigation matters. Of those clients, depending on each client's respective financial abilities, clients have agreed to compensate the undersigned at rates of $300.00 to $450.00 per hour.

Given my experience, the Plaintiff is requesting that the Court approve me at a rate of $350.00 per hour for my work on this case. This rate is reasonable based on my experience. *See, Rubin v. HSBC Bank USA, NA. Equifax Info. Servs. LLC*, 2025 U.S. Dist. LEXIS 10313, *15-16 (E.D.N.Y Jan 21, 2025) (finding the forum rates in the "Eastern District to now be $450-$650 for partners, $300-$450 for senior associates, $150-$300 for junior associates, and $100-$150 for paralegals.)

At the requested rate, the total lodestar is **$15,645.00** In this case, the loadstar is greater than the requested fee representing uncompensated work by Plaintiff's counsel.

**[This Section Intentionally Left Blank]**

---

[2] Now called Schwartz Perry & Heller, LLP

### V. Conclusion

For the reasons set forth above the Parties request that the Court approve the settlement as reflected in the Agreement. Plaintiff's counsel further requests that the Court approve the attorneys' fee award reflected in the Agreement as fair and reasonable.

Respectfully submitted,
LAW OFFICES OF WILLIAM CAFARO

_____
By: Amit Kumar, Esq.
*Attorneys for Plaintiff*
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400
AKumar@CafaroEsq.com
